# EXHIBIT 1

Filed: 9/30/2024 4:42 PM
Casie Walker, District Clerk
Burnet County, Texas
By: Emily Smallwood, Deputy

57417

CAUSE NO. _____

| | | |
|---|---|---|
| CREH, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | BURNET COUNTY, TEXAS |
| TWIN CITY FIRE INSURANCE | § | |
| COMPANY, | § | Burnet County - 33rd District Court |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

CREH, LLC, ("CREH"), Plaintiff herein, files this Original Petition against Twin City Fire Insurance Company ("Twin City") and, in support of its causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.      CREH is a limited liability corporation in the state of Texas with its principal place of business in Burnet County, Texas.

2.      Twin City is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, CT Corporation System, via certified mail at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II.
### DISCOVERY

3.      This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

4.    The damages sought are within the jurisdictional limits of this court.  CREH currently seeks monetary relief of over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, statutory or punitive damages and attorneys' fees.

### IV.
### JURISDICTION AND VENUE

5.    This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6.    Venue is proper in Burnet County because all or a substantial part of the events or omissions giving rise to the claim occurred in Burnet County. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). In particular, the loss at issue occurred in Burnet County.

### V.
### FACTUAL BACKGROUND

7.    CREH is a named insured under a property insurance policy issued by Twin City.

8.    On or about April 8, 2024, a storm hit the Marble Falls, Texas area, damaging CREH's property.  CREH subsequently filed a claim on its insurance policy.

9.    Twin City improperly denied and/or underpaid the claim.

10.    The adjuster assigned to this claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages were observed during the inspection, and undervalued the damages observed during the inspection.

11.    The adjuster's unreasonable investigation led to the underpayment of CREH's claim.

12.    Moreover, Twin City performed an outcome-oriented investigation of CREH's claim, which resulted in a biased, unfair, and inequitable evaluation of CREH's losses on the

property.

**VI.**
**CAUSES OF ACTION**

13.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

14.     Twin City had a contract of insurance with CREH.  Twin City breached the terms of that contract by wrongfully denying and/or underpaying the claim and CREH was damaged thereby.

**B.     Prompt Payment of Claims Statute**

15.     The failure of Twin City to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16.     CREH, therefore, in addition to its claim for damages, is entitled to interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

17.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18.     Defendant violated § 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

19.     Defendant violated § 541.060 by:

(1)     misrepresenting to CREH a material fact or policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3

(3)    failing to promptly provide to CREH a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)    failing within a reasonable time to affirm or deny coverage of a claim to CREH or submit a reservation of rights to CREH; and

(5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.    Defendant violated § 541.061 by:

(1)    making an untrue statement of material fact;

(2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)    making a material misstatement of law; and

(5)    failing to disclose a matter required by law to be disclosed.

21.    Defendant's violations of Chapter 541 of the Texas Insurance Code enumerated above caused damages to Plaintiff in at least the amount of policy benefits wrongfully withheld.

22.    Defendant knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

23.    CREH engaged the undersigned attorney to prosecute this lawsuit against Twin City and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

4

24.     CREH is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because it is represented by an attorney, presented the claim to Twin City, and Twin City did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25.     CREH further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

26.     All conditions precedent to CREH's right to recover have been fully performed or have been waived by Defendant.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, CREH, LLC prays that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that CREH be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which CREH may show itself to be justly entitled.

Respectfully submitted,

**DALY & BLACK, P.C.**

By:___*/s/ Maria Gerguis*___
      Maria Gerguis
      TBA No. 24090355
      mgerguis@dalyblack.com
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      ecfs@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

      **ATTORNEYS FOR PLAINTIFF**